Submitted on brief November 2, reversed December 27, 1916.

## GOSNEY *v.* McALISTER.

(161 Pac. 701.)

**Arbitration and Award—Action on Award—Complaint—Sufficiency.**
 1.  A complaint, in an action upon an award of a board of arbitration fixing the amount due plaintiff on the rescission of his release from defendants, husband and wife, disclosing affirmatively that the defendant wife did not sign the lease and that it was the act of the husband alone, and that the agreement to arbitrate was the act of the husband, acquiesced in by the wife, and that an award was made against the husband but not against the wife, stated no cause of action against the defendant wife.

  [As to revocation of agreement to arbitrate, see note in **138 Am. St. Rep. 640.**]

From Crook: T. E. J. DUFFY, Judge.

In Banc.    Statement by MR. JUSTICE BENSON.

This is an action by H. A. Gosney against Andrew McAlister and Jane McAlister, his wife, upon an award of a board of arbitration.

The complaint alleges that the defendants are the owners of certain lands in Crook County; that on January 25, 1915, the defendants leased such lands to plaintiff for a period of three years from and after March 1, 1915; that the lease was in writing, signed by Andrew McAlister, and it was "ratified and confirmed by —— McAlister verbally"; that thereafter and pursuant to the lease plaintiff took possession of the premises with the consent of both defendants; that

on March 27, 1915, all of the parties were desirous of rescinding the contract and then entered into a written agreement to settle and determine the terms of such rescission through a board of arbitration; and that such agreement was signed by Andrew McAlister and "acquiesced in by defendant —— McAlister." Then follow allegations of the organization of and a hearing by them. Their report and award is set out in full as follows:

"We, the undersigned, arbitrators duly and regularly chosen to hear, determine and settle the differences that have arisen between Andrew McAlister and H. A. Gosney over the lease and rescinding of said lease existing between said parties for the McAlister ranch near Laidlaw, Oregon, and to determine and settle the amount of money, if any, either of said parties shall pay to the other, after giving all credits and making all deductions, after hearing the testimony of the parties and their witnesses and after viewing the premises, and after due consideration find: That H. A. Gosney is entitled to be paid the sum of $151.10, by Andrew McAlister, and the expense of the board shall be paid as follows: Andrew McAlister to pay the man selected by him and the expense of the third man to be divided equally by the parties. We further find that the said sum of money shall be paid within 90 days from the date hereof.

"Dated this 31st day of March, 1915."

It is further alleged that the payments thereunder are refused by defendants, and there follows a prayer for judgment.

Andrew McAlister defaulted, and judgment was entered against him, but Jane McAlister filed a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action as to her. The demurrer being overruled, she declined to plead

further, and from the consequent judgment she appeals.

Submitted on brief without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).       REVERSED AND REMANDED.

For appellant there was a brief submitted over the name of *Mr. W. B. Daggett.*

For respondent there was a brief prepared and filed by *Mr. Harvey H. De Armond.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. It will be observed that the complaint discloses affirmatively that the defendant Jane McAlister did not sign the lease, and that no one signed it for her, so that no question of ratifying the act of an agent is involved, and as a logical sequence it appears that the written instrument was simply the act of Andrew McAlister leasing his own interest in the land, whatever that may have been, for a term of three years. It further appears that the written agreement to arbitrate was likewise the act of Andrew McAlister acquiesced in by Jane. It is also noted that the report of the board of arbitrators made no award whatever against Jane McAlister, whose name does not appear therein, but determined that Andrew should pay to plaintiff the sum of $151.10, and, since the action is based exclusively upon the award, it is clear that no cause of action is stated as against the defendant Jane McAlister, and the court erred in failing to sustain the demurrer.

The judgment is therefore reversed, and the cause remanded for further proceedings not inconsistent herewith.       REVERSED AND REMANDED.